# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| MILTON L. SHUBBIE | CIVIL ACTION NO. 5:09-cv-02188 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| POLICE DEPARTMENT OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

In this Motion for Summary Judgment [Record Document 37], Defendant Cedric Glover, Mayor of Shreveport, seeks dismissal of Plaintiff's 42 U.S.C. § 1983 claim. For the following reasons, Defendant's motion for summary judgment is **GRANTED.** First, as to the claim against Mayor Glover in his individual capacity, the Plaintiff has failed to present evidence showing that Mayor Glover was personally involved in or causally connected to the alleged constitutional violations. Second, as to the claim against Mayor Glover in his official capacity, the Plaintiff has failed to describe or to provide evidence of a policy or custom by the municipality that caused the alleged constitutional violation.

Plaintiff Milton L. Shubbie ("Shubbie") filed a pro se complaint against Mayor Glover, among others,[1] pursuant to 42 U.S.C. § 1983. Mr. Shubbie has sued Mayor

---

[1] Mr. Shubbie joined as defendants the Shreveport Police Department, the Caddo Parish Sheriff's Office, the Caddo Parish Police Jury, the City of Shreveport Board of Aldermen, Unnamed Law Enforcement Personnel, Caddo Parish Sheriff Steve Prator, and the Parish of Caddo. The claims against these Defendants have been dismissed. [Record Documents 21, 24, 25, 34].

Glover both in his individual capacity and in his official capacity. Mr. Shubbie's complaint alleges false imprisonment, malicious prosecution through the fabrication and holding open of a domestic violence charge, and attempted entrapment with drug charges. Mr. Shubbie also alleges that he was continuously harassed by members of the Shreveport Police Department from 2003 through 2007.

As to his claim against Mayor Glover in the Mayor's individual capacity, Mr. Shubbie has failed to go beyond the pleadings and designate specific facts in the record showing that Mayor Glover was personally involved in or causally connected to the alleged constitutional violations, which he must do to succeed in his section 1983 claim against Mayor Glover in his individual capacity. Government officials acting within their discretionary authority are liable in their individual capacities, under the doctrine of qualified immunity, only for conduct that violates clearly established statutory or constitutional rights of which a reasonable person would have known. Wilson v. Layne, 526 U.S. 603, 119 S. Ct. 1692, 143 L. Ed. 2d 818 (1999). "In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995). Individual liability under section 1983 may not be predicated on theories of vicarious or respondeat superior liability. Kohler v. Englade, 470 F.3d 1104, 1114-15 (5th Cir. 2006); Coleman v. Houston Indep. School Dist., 113 F.3d 528, 534 (5th Cir. 1997).

Mr. Shubbie has failed to present evidence showing that Mayor Glover was personally involved in or causally connected to the constitutional violations, and therefore he has not met his burden under Rule 56.  Mr. Shubbie, in his deposition testimony, acknowledged that Mayor Glover personally had nothing to do with the alleged violations.  When asked whether he felt Mayor Glover had anything to do with either of his arrests or incarcerations, Mr. Shubbie stated: "Oh, no, not him personally, no." (Shubbie Depo. p. 24).  Further, Mr. Shubbie acknowledged in his deposition that Mayor Glover had no part in the other alleged police conduct.  (Shubbie Depo. p. 48, 51).  Mr. Shubbie's section 1983 claims against Mayor Glover rest entirely on a theory of respondeat superior.  (See Pl.'s Mem. in Opp'n to Mot. for Summ. J., Aug. 26, 2010, at 2-3).  However, as stated above, Mr. Shubbie cannot simply rely on a theory of respondeat superior or vicarious liability, but must actually show that Mayor Glover was personally involved or causally connected to the alleged violations.  Kohler, 470 F.3d at 1114-15.

Second, Mr. Shubbie has failed to allege or prove facts against Mayor Glover sufficient to support a claim against the Mayor in his official capacity.  Claims against municipal officials in their official capacity are treated as claims against the municipality. Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985); Reynolds v. New Orleans City, 272 Fed. App. 331, 336 (5th Cir. 2008); Turner v. Houma Mun. Fire and Police Civil Serv. Bd., 229 F.3d 478, 483 (5th Cir. 2000).  A municipality may be liable under section 1983 for constitutional violations by its employees only if the municipality's policies or customs caused the constitutional

violation. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 692-94, 98 S. Ct. 2018, 2036-37, 56 L. Ed. 2d 611 (1978). Mr. Shubbie's claim could be construed as a claim against Mayor Glover in his official capacity. However, Mr. Shubbie has failed to describe or to provide evidence of a policy or custom by the municipality that caused the alleged constitutional violation.

The Court notes that Mr. Shubbie filed this action pro se, and this Court judges his pleadings "by a more lenient standard than that accorded to 'formal pleadings drafted by a lawyer.'" Ellis v. Principi, 246 Fed. Appx. 867, 869 (5th Cir. 2007). "Nevertheless, plaintiff's pro se status does not exempt [him] from the usual evidentiary requirements of summary judgment" under Rule 56 of the Federal Rules of Civil Procedure. Id.

Under Rule 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Summary judgment is proper under Rule 56 "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. If the movant shows an absence of material fact as to an essential element, Rule 56(c) requires that the nonmovant go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations

omitted). The nonmovant must present more than simply conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Id. at 1047. Nonetheless, all factual controversies must be resolved in favor of the nonmovant. Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005).

The Court finds that summary judgment is appropriate on Mr. Shubbie's section 1983 claims against Mayor Glover in both his individual and official capacities. Based on its finding that summary judgment is **GRANTED** on the merits, the Court does not address whether Mr. Shubbie's claims have prescribed.

Accordingly, the Motion for Summary Judgment [Record Document 37] shall be **GRANTED** and Plaintiff's claims shall be **DISMISSED WITH PREJUDICE.**

A Judgment consistent with this Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 30th day of November, 2010.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE